697 N.W.2d 894 (2005)
472 Mich. 925
Brian BELLVILLE and Nancy Bellville, d/b/a Nansue Dairy, Plaintiffs-Appellants,
v.
CONSUMERS ENERGY COMPANY, Defendant-Appellee.
Docket No. 127153, COA No.: 243719.
Supreme Court of Michigan.
June 10, 2005.
On order of the Court, the Michigan Farm Bureau's motion to file an amicus curiae brief is GRANTED. The application for leave to appeal the August 24, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
This case raises a number of significant issues, and I would grant leave to consider them. In 1994, plaintiffs, owners and operators of a dairy farm, were concerned about the health of their dairy herd. They *895 requested that defendant Consumers Energy Company come to their farm and conduct testing to determine if electrical problems were negatively affecting the herd.
Defendant conducted testing in 1994 and told plaintiffs that there were no electrical problems. Defendant conducted subsequent testing in 1997 and twice in 1998, and continued to tell plaintiffs that there were no electrical problems. After plaintiffs ruled out other possible causes by consulting with numerous experts about possible nutritional deficiencies and medical problems, plaintiffs hired their own electrical experts in 1999 and 2000. These experts determined that defendant's electrical lines were the cause of the problems with the dairy herd.
Defendant argues that plaintiffs' claims are barred by the statute of limitations because if plaintiffs disagreed with defendant's assessment, plaintiffs should have hired their own experts sooner. Defendant also does not believe that the discovery rule is applicable. In essence, defendant faults plaintiffs for believing that defendant was properly conducting the testing and accurately conveying the information. But plaintiffs had no reason not to believe defendant  a company whose purpose is to provide utility services to the public  until other possible causes were subsequently eliminated. Defendant faults plaintiffs for not discovering that electrical problems were the source of the injuries to the herd when defendant itself was repeatedly unable to do so. However, I do not believe that it is inherently unreasonable for a customer to believe the repeated word of an electrical utility company. Therefore, whether the statute of limitations bars plaintiffs' claims and whether the discovery rule applies to these claims are jurisprudentially significant issues that should be addressed.
Further, I disagree that plaintiffs have not established a question of material fact about whether they reasonably relied on defendant's alleged misrepresentations. When defendant repeatedly told plaintiffs that electrical problems were not the cause of problems with the dairy herd, plaintiffs looked to other possible causes. They did so on the basis of the representations made by defendant that electricity was not the source of the problems. Defendant also attempts to support its position by arguing that plaintiffs continued to operate their dairy farm for 1½ years after learning of the electrical problems. However, it is unreasonable to expect that plaintiffs would be able to stop farming, shut down their business, and pack up their dairy herd the moment they learned that defendant had misrepresented that there were no electrical problems on the farm. Accordingly, I would grant leave to appeal.
WEAVER and MARILYN J. KELLY, JJ., join the statement of MICHAEL F. CAVANAGH, J.